### THE TRUSTEES OF THE AUBURN ACADEMY,

#### V.

#### NOBLE D. STRONG.

The trustees of academies being empowered by statute to appoint and remove teachers, &c. at pleasure, can not make any contract to abridge the right of removal in themselves or their successors.

But this court has no power of visitation; and can take cognizance of the case, on'y upon some ground of its proper jurisdiction, such as its power to cause contracts to be delivered up and cancelled.

1824.
13th Sept.

*Trustees of academies.*
*Jurisdiction.*

THE bill states, that at a meeting of a board of trustees of the Auburn academy, on the 5th of April, 1822, a resolution was passed appointing John A. Beach, Horace Hills and Joseph T. Pitney, three of said trustees, an executive committee, to continue for one year, or until another be appointed, "whose duty it shall be to procure proper apartments, and " a teacher or teachers for the purpose of putting into opera- " tion the academy ; and that they have power to expend the " annual income of the corporation and also that the said " committee have power to expend a sum not exceeding one " hundred dollars out of any moneys in the hands of the trea- " surer, for carrying the above objects into effect" ; that said committee procured rooms, and engaged Noble D. Strong as a teacher ; that he commenced teaching in the academy on or about the 23d of October, 1822, and still continues teaching as principal ; and that on the 2nd of June, 1824, the executive committee resigned their office, without making any report to the board of trustees, or informing them in any way, what they had done, as such committee ; that soon after a committee was appointed to call on the defendant and ascertain from him what contract had been made between him and the executive committee, and on what conditions he acted as principal of the academy. Strong informed them that in September, 1822, the executive committee contracted with him, by an agreement under seal, in which the trustees of the academy were bound, in their corporate capacity, to provide him with suitable rooms for the academical school, for the term of ten years ; that they had in and by said agreement, given and granted unto him the annual income of the academy, and all the moneys that should

be coming or receivable for tuition, and also all the moneys that should be allowed or granted to said academy by the regents of the university, during the said term of ten years; that Strong insists that the trustees are bound by said agreement; that he has got into his possession sundry leases whereby village lots owned by the corporation were durably let to different persons and a yearly rent reserved; and he alleges he has a right to collect the rents and receive them, as a part of the annual income of the academy. Strong refused to show the visiting committee or to the board of trustees the original agreement, but insisted that the trustees were bound by it and declared he should continue to act by it as principal of the academy, and that he intended to hold the board of trustees to the strict performance of the agreement made with him by the executive committee. The complainants allege that they are unwilling to sanction the agreement; and they insist that the committee had no authority to make such an agreement; that it was an abuse of the power granted by the aforesaid resolution; and that the corporation are not possessed of sufficient funds to comply with the alleged terms of the agreement. The bill charges that Strong refuses to show the agreement, to deliver up the leases, or to desist from superintending the academy; that he insists he will continue to act as teacher of the academy ten years; that he will retain the leases to collect and receive the rents reserved in and by the same. The bill prays that the agreement may be declared void, the leases ordered to be given up, and for general relief, and for an injunction to restrain the defendant from collecting the rents, and from acting as principal instructer of the academy until the further order of the court.

On the application for an injunction, the chancellor had directed notice to be given to the defendant. The motion being now renewed upon the bill intended to be filed,

Mr. BLEECKER read an affidavit of the defendant giving a detailed statement of the transactions, and setting out a copy of the agreement between the executive committee and himself. It also stated that he had given up the leases to the treasurer of the academy: And further that the trustees did not meet so as to form a board from 1822 till 1824. In other

1824.

The AUBURN ACADEMY, v. STRONG.

1824.

The AUBURN
ACADEMY,
v.
STRONG.

respects the affidavit did not essentially vary the case made by the bill. It was read subject to all exceptions.

MR. VAN VECHTEN, upon notice given, now moved for an injunction according to the prayer of the bill.

The building in which this academy was kept, having been burnt in 1822, this executive committee was appointed with powers manifestly intended to provide for the temporary re-establishment of the institution. But that committee have by this contract, given to the defendant all their funds, all their income, their freehold leases, their expectations from the university, and one hundred dollars besides. Such a contract is upon the face of it a great abuse of trust, and is not warranted by the resolution. The intent could not have gone farther than to engage a teacher at pleasure.

The concerns of our academies are vested in a board of trustees for each, for the very purpose of holding them subject to a constant supervising care and authority. That supervision is to be exercised over the teacher, as well as over the funds of the institution. But such a contract as this is destructive of those ends. · It abolishes the board of trustees, and gives all their powers to the teacher whom they have appointed.

The injunction will be but a suspension, and no permanent inconvenience.

MR. BLEECKER for the defendant. This contract is fully warranted by the powers granted, which are general and without limitation. The affidavit of the defendant shows a contract of good faith and mutual benefit, which has been fairly performed on the defendant's part. As to the want of a report of the contract, no board of trustees was formed till 1824, and so no report could be made. Neither was it necessary that the agreement should be approved by the trustees.

The nature of the case required a permanent arrangement. The interests both of the academy and of the teacher required it. An able teacher would not come upon an engagement at will; nor would scholars resort to so unsettled an institution. This defendant is probably a clergyman. He then foregoes the opportunity of a call. If the academy has not funds he has to create them by raising its credit; and

the defendant may challenge any scrutiny into his conduct or qualifications.

The contrrct is then reasonable.

It is also binding. A corporation may act by a committee and may be bound by an instrument not under seal. 7 Cranch, 297. 12 John. 227. 14 John. 119. 1 Fonb. Esq. 295. n. 2 Atk. 212. 10 Mass. 397.

The want of an answer and the reading of an affidavit can not here be objected to, in the way such objections might be urged if the motion came from the defendant's part. We have yet time to answer, and it is the other party who now moves.

The injunction will be an irreparable loss to the defendant, whether the right is finally decided for or against him. It will break up the institution and scatter the scholars ; and in any case, his remedy will be very uncertain.

A committee may bind a corporation permanently, though their own powers are of short duration : there is no necessary connection between the duration of one and the other.

MR. VAN VECHTEN remarked in reply, that the defendant ought not to be allowed to oppose the motion upon affidavits which may be made more or less precise and full at his pleasure, and are not the subject of exception.

If the corporation gave authority for this contract that authority must be precise, and must be strictly pursued. If they fixed no limitation of time that omission is fatal.

The committee were themselves appointed but for one year ; and they attempt to bind their constituents for ten years.

Such a contract is destructive of all the objects of the law. It divests the trustees of all control. They can neither prescribe rules nor make an annual report to the regents of the university, nor correct abuses. If they could contract for ten years why not for life ?

The trustees have given up their visitatorial powers and exchanged them for a contract at law. But in case of misbehavior and of an attempt to coerce the defendant at law, he might answer that the contract contains no provision for that purpose.

1824.

The Auburn
Academy,
v.
Strong.
20th Sept.

THE COURT said, that the resolution of the trustees seemed to contemplate a temporary arrangement. It is brief, general and vague. Connected with all the attendant circumstances, it could hardly have been intended to embrace an arrangement for ten years.

But there is another view of the subject, which is more satisfactory. The power of the trustees depends on the statute. By the 12th section of the act relative to the university, it is expressly provided, that the trustees of academies, at their regular meetings " may appoint teach-" ers and other officers and remove or displace them at " pleasure." It seems then, by the very terms of this section, that the trustees could not themselves make such a contract as this; and therefore, that they could not delegate such a power to others. They can not bind themselves or their successors, not to remove a teacher.

I could wish that this view of the subject had been considered at the bar. It seems to me like other public trusts for the appointment of officers at pleasure, which trusts can neither be divested nor delegated; like the powers of the president or a governor to appoint during pleasure; and the transfer of such powers is inconsistent with their nature.

The question then arises, what is the jurisdiction of this court in this case? It has no power of visitation; but it has power to cause contracts to be cancelled; and on that ground, it has cognizance of this cause.

Injunction granted.