GEORGE BLISS, Appellant, v. JOEL A. MATTESON and ELISHA C. LITCHFIELD, Respondents.

Any agreement made by one creditor for some advantage to himself over other creditors, who unite with him in a composition of their debts, in ignorance of such agreement, is fraudulent and void.

The directors of a corporation are trustees of its stockholders, and in a certain sense, of its creditors, and any agreement to influence the action of such directors for the benefit of others, and to the prejudice of the company is void.

(Argued December 8, 1870; decided February 21, 1871.)

APPEAL from a judgment ordered by the General Term of the Supreme Court in the second judicial district, for the defendants upon a decision of the judge presiding at the Kings County Circuit, dismissing the complaint; the court having ordered the plaintiff's exceptions to be heard in the first instance at the General Term.

This action was brought upon an agreement bearing date September 10, 1856, whereby the defendants agreed, that in consideration that the plaintiff would aid and use his influence in procuring the mortgage bond holders of the Chicago, Alton and St. Louis Railroad Company, to fund the interest due and to fall due on their bonds, within three years from the second day of October then next, they, the defendants, would, in case they should get into possession of the road of said company under arrangements then in progress, procure the directors of that company or any new company to be formed under a proposed sale of the road, to agree by vote to pay certain interest coupons of the first and third mortgage bonds of said company, held by the plaintiff, then past due, and such as should thereafter fall due within a period specified, and that, if the defendants should continue in the control of the road themselves, or through directors of either company named by them, they would cause the company so controlling said road to pay said past due coupons, with interest, one half in one year the residue in two years, and

the others as they should fall due. No question was made of the performance of the contract by the plaintiff. At the time of the execution of this contract, the property of the corporation was incumbered by three mortgages, amounting in the aggregate to four million and a half of dollars, and its franchises and property had been leased for twenty years. from August 31, 1865. The corporation was hopelessly insolvent and its franchises and property had been assigned to trustees, who then held the same upon trust for the payment of its debts and liabilities. The "arrangements then in progress," mentioned in the contract, consisted of negotiations and agreements between the defendants and other persons largely interested in the corporation, the main object of which was the formation of a new corporation, the board of directors of which should be composed of nine persons, five of whom should be in the interest of Matteson, and four of whom should be in the interest of Litchfield. The evidence showed that the new corporation was formed, and that the plaintiff was familiar with these arrangements during their progress and after the completion of them.

*J. L. Cadwallader*, for the appellant.

*John E. Burrill*, for respondent, Joel A. Matteson, cited as to the invalidity of the defendants' agreement, *Fremont* v. *Stone* (42 Barb., 169); *Davison* v. *Seymour* (1 Bosw., 90); *Mills* v. *Mills* (36 Barb., 474); *Bell* v. *Legget* (7 N. Y., 176); *Brown* v. *Brown* (34 Barb., 533); *Marshall* v. *Balt. R. R. Co.* (16 How., U. S., 314); *Gray* v. *Hook* (4 N. Y. R., 449); *Devlin* v. *Brady* (32 Barb., 518); *Satterlee* v. *Jones* (3 Duer., 116–117); *Tool Co.* v. *Morris* (2 Wallace, U. S., 45). That contract was void because securing a private advantage to the creditor inducing the other creditors to enter into it. (*Russell* v. *Roger* 10 Wend., 473; *Breck* v. *Cole*, 4 Sandf. S. C. R., 79; *Carroll* v. *Shields*, 4 E. D. Smith, 466; *Higgins* v. *The Mayor*, 10 How. Pr., 363; *Pinneo* v. *Higgins*, 12 Abb. Pr. R., 334; *Townsend* v.

*Newell*, 22 How. Pr., 164.) That the court will not aid either party in enforcing such a contract. (*Nellis* v. *Clark*, 4 Hill 424; *Mozely* v. *Mozely*, 15 N. Y. R., 334; *Gray* v. *Hook*, 4 N. Y. R., 449.)

*Charles Tracy*, for the respondent Litchfield, citing substantially the same cases as the counsel for Matteson, and in addition, *Dauglish* v. *Tennent*, Eng. Law Rep., 2 Q. B., 49; 1 Redfield on Railways §§ 135, 140; *Colman* v. *Eastern Counties R. Co.* (4 Eng. R. Cas., 513); *Solomons* v. *Laing* (6 Eng. R. Cas., 301, 289); *Bridgport City Bk.* v. *Empire Stone Dressing Co.* (30 Barb., 421); 19 How. Pr., 51, etc.

GROVER, J. The plaintiff having been nonsuited upon the trial, upon the ground that the contract sued upon was illegal and void, and the judgment ordered in accordance with such nonsuit, that is the only question arising upon this appeal. The contract was to the effect that, in consideration that the plaintiff would aid and use his influence in procuring the mortage bondholders of the Chicago, Alton and St. Louis Railroad Company to fund the interest due and to fall due on their bonds within three years from the 2d of October thereafter, the defendants undertook that in case they got possession of the road of the company under arrangements then in progress, they would procure the directors of the company or of any new company to be formed under a proposed sale of the road, to agree, by vote, to pay the past due coupons upon $35,000 of third mortgage bonds and $8,000 of coupons on the first mortgage bonds owned by the plaintiff, and that if the defendants continued in the control of the road themselves, or through directors of either company named by them, that they would cause the company so controlling the road to pay said past due coupons with interest, one half in one year and the residue in two years, and the others as they shall fall due; and, further, that if the plaintiff should take bonds for the above, the above shall be binding, if he surrendered the bonds as fast

as the coupons were to be paid as specified. The proof showed that the railroad company was at the time hopelessly insolvent; that it had no means for the payment of the past due coupons of the mortgage bonds already matured or prospect of being able to pay those thereafter maturing; that it was the intention of the defendants to purchase the road, together with its stocks and franchises, at a sale to be made by assignees of the company in trust for its creditors, and that upon such purchase, a charter for a corporation should be obtained, to which new company the defendants should convey the road and property so purchased; that it was indispensable to the success of this scheme that the past due coupons of the mortgage bonds and those that should mature within the time specified should be funded on time in the bonds of the existing company or the one thereafter to be formed. The plain inference from the contract and the other facts is, that there was to be a composition by all the holders of the coupons in question by funding them as provided in the contract, and the fair presumption is that the other holders were to be induced to comply with the terms under a belief that the plaintiff was to be a party thereto in respect to the coupons held by him. This presumption does not rest simply upon the idea that the contracting parties must have known that no one would enter into the arrangement, knowing that the agent negotiating it had already stipulated for much better terms in respect to his own coupons, but is strongly fortified by the clause inserted at the close of the contract, to the effect that, if the plaintiff shall take bonds for his coupons, the defendants should, upon his surrendering them to them, pay him as fast as the coupons were to be paid by the contract. There can be no reason whatever given for the plaintiff's funding his coupons in bonds, the same as the others, when the payment with interest of those past due in one and two years was provided for by the contract, except to convince the other holders that he was compounding his own upon like terms; that he was endeavoring to persuade them that it was for the mutual interest of all concerned to do. Any agree-

ment made by one creditor for some advantage to himself over other creditors who unite with him in a composition of their debts, is fraudulent and void. (*Brady* v. *Cole*, 4th Sand. Sup. Court, '79; *Russell* v. *Rogers*, 10 Wend., 473.) This is not the only infirmity of the contract. It was an undertaking by the defendants to control the action of the directors in such a way that the plaintiff should have a preference in the payment of his coupons over other holders, and in case the plaintiff had funded them on time in the bonds of the company, to cause the company to pay the amount of the bonds to the plaintiff before their maturity. Such payment might have embarrassed the company, and consequently been injurious to its creditors and stockholders. This provision, therefore, rendered the contract unlawful. The directors of corporations are trustees of the stockholders, and in a certain sense of its creditors. Any agreement to influence their action for the benefit of others and to the prejudice of the company is fraudulent and void. (1 Redfield on Railways, § 140.) In answer to this, it is insisted by the counsel for the plaintiff that the defendants were the only parties to be affected; that they were to purchase and run the road, and, in short, to own the entire stock of the corporation. This may be so, in case of the formation of a new company to the extent of the ownership of the road intermediate the time of its purchase and the formation of the new company; but after such formation the presumption is that the stocks would become distributed among other persons to a greater or less extent. The judgment appealed from must be affirmed with costs.

All concurring except FOLGER, J., who did not vote. Judgment affirmed.