Gilbert, J.
I am very clear that this motion should be denied:
First. Strictly speaking, the engagement of Mr. Tweed was that the requisite legislative authority to acquire the relator’s property, either by purchase or compulsorily by the right of eminent domain, should *246 be procured. This was accomplished by the act of February 27, 1871.
Second. The transaction between Mr. Tweed and the relator did not create the relation of vendor and purchaser between the relator and the city. Mr. Tweed was not empowered to enter into such a contract on behalf of the city, nor was he the agent of the city for such a purpose by virtue of his office of superintendent of public works. The contract itself, as stated by the relator, was merely that authority to acquire the property should be obtained. -What should be done after the authority should have been obtained was not stated in it. Neither party engaged to do anything ; the relator did not become bound to sell or the city to buy.
Third. Such a contract by a public officer would be against public policy and void at the election of the principal for whom he ostensibly acted without some act of ratification by the latter. A public officer cannot thus bargain away beforehand the discretion reposed in him by law (Bliss v. Matteson, 52 Barb., 345; S. C., 45 N. Y., 22). Much less can he bind his successor in that way. There has been no ratification by the city authorities, for the reason that it does not appear that they ever knew of the existence of the contract or of the claim of the relator in respect to it. Mr. Van Nort had no more power to ratify than Mr. Tweed had to make the contract.
Fourth. Nothing has been done under the act of 1871 which gave the relator any vested rights. The act authorizes the commissioners of public works to make a voluntary purchase, or, if that cannot be effected, to take the required proceedings to acquire title to the property compulsorily. It does not take or appropriate the property of the relator, or even specify the property which it authorizes to be acquired, but is general in its terms, and authorizes the acquisition of *247 any property. Nothing of any legal importance has occurred with respect to the matter since Mr. Tweed went out of office. While he was in office negotiations for a purchase were had between him and the relator, which produced no result, and he directed the preparation of the necessary papers preliminary to an application to the court for appointment of commissioners of appraisement pursuant to the act of 1871, which the relator avers were, in fact, prepared. But no application had ever been made, and the defendant has determined that none ought to be made. He is vested with exclusive discretion on the subject, and the court has no power to coerce the exercise of that discretion. Even if such an application had been made and even now pending, those facts alone would not vest any right in the relator; for the act of 1871 adopts the provisions of the general railroad act on this subject, and by the latter act the proceedings remain inchoate until confirmed by the court, or, at all events, until the report of the commissioners shall have been made. Before the proceedings are complete neither party acquires any vested right (People v. Brooklyn, 1 Wend., 318; Hill v. Commissioners of Worcester, 4 Gray, 414).
• No hardship accrues to the relator from the application of these principles. He dealt with a public officer and is charged with knowledge that such a person can act only in a trust capacity for the public good and in conformity with the law creating the trust. If he has sought by means of antecedent engagements to control the performance of the trust created by the act of 1871, for his own benefit, he cannot complain that the law will not sanction,,the accomplishment of such an object.
The motion must be denied, but without costs.