### KOUNTZE *v.* FLANNAGAN.

*(Supreme Court, General Term, First Department. May 13, 1892.)*

1. CORPORATIONS—AGREEMENT BETWEEN STOCKHOLDERS—ACTION FOR BREACH:
  A complaint by a stockholder in a land and improvement company alleged that plaintiff, with other stockholders in accord with him, was able to control the policy of the company and election of its officers; that defendant represented to plaintiff that, if plaintiff would cause defendant and others whom he should name to be elected directors, defendant would devote such time and personal attention to the business of the company as should be necessary to promote its welfare, so that its business and profits would be greatly increased, and that he would procure the construction and equipment of an efficient railway on the company's lands, and devote his attention to securing the location thereon of factories, and would cause the sale of a large number of lots, and so conduct the affairs of the company that the value of the

shares of its stock would be greatly increased; that, relying on such representations, plaintiff procured defendant and others named by him to be elected directors; that defendant failed in many respects to keep his agreement as aforesaid, and that in consequence thereof plaintiff's stock was depreciated in value, wherefore plaintiff demanded judgment. *Held*, that a demurrer to the complaint was properly sustained, since some of the alleged promises of defendant were to use his best endeavors to accomplish certain results, and it did not appear that he did not perform them, while other promises were to do things in the line of his duty as director, in which case the injury was one which plaintiff suffered in common with all the other stockholders, and plaintiff could not maintain a separate action for them; and still other promises were to do things which could only be done through the action of the board of directors, and, if defendant was to do them irrespective of the board, or by controlling the board, the agreement was void.

**2. VOID CONTRACTS—PERFORMANCE BY ONE PARTY—ACTION FOR BREACH.**
The fact that one party to an agreement, which is void because against public policy, has performed his part, does not give him the right to sue for damages for failure of the other party to perform his part.

Appeal from special term, New York county.

Action by Luther Kountze against William W. Flannagan, to recover damages for breach of contract. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*George W. Van Slyck,* for appellant. *Kellogg, Rose & Smith,* (*L. Laflin Kellogg,* of counsel,) for respondent.

ANDREWS, J. The complaint alleges, in substance, that the West Lynchburg Land Company is a corporation incorporated under the laws of the state of Virginia, and owning a large tract of land in that state; that said company is authorized to purchase and sell such lands, to build and rent houses, hotels, manufactories, and edifices on said land, to lay out and grade streets thereon, and to build and operate street railways, waterworks, gas works, and electric light plants thereon; that the management and control of said corporation was vested in a board of directors, consisting of 12 persons, to be elected annually; that the capital stock of said company consisted of 10,000 shares of $100 each, of which 7,500 had been issued and sold, and 2,500 shares remained in the treasury; that the plaintiff was the owner of 300 shares, and with other stockholders, who were in accord with his views and wishes as to the management of the company, was able to control and direct the policy of the company, the management of its affairs, and the election of its officers; that about March 19, 1890, shortly before the ensuing annual election, the defendant represented and agreed to and with the plaintiff that, if the latter would use his influence with other stockholders, who were in harmony with plaintiff, and induce them to vote for and elect the defendant, and such other persons as defendant should name, as directors of said company, and if plaintiff would vote for the same persons, and so help towards their election, at the next annual election of said company, and thus give such directors the control and management of said company, the defendant would devote such time and personal attention to the business of said company as should be necessary to promote its welfare and prosperity, and would give the best results of his long experience to the care, conduct, and management of the business and affairs of the said company, so that its business would be greatly increased, and its profits greatly enlarged, and that he would do all that was possible to be done to promote its business and interests, and that he would, among other things, procure the construction and equipment of an efficient electric railway upon the lands of the said company at a reasonable expense, and that he would devote his attention to securing the location of factories and other industries by parties other than said company upon its lands, and would cause sales of a large number of the lots of the said company, and procure people to build houses thereon, and would use his best endeavors to get people to settle and live on the said lands, and so conduct the affairs of the said company that the

value of the shares of the capital stock would be greatly increased; that thereupon, relying upon such representations and agreement, plaintiff agreed to vote and to use his influence to get other stockholders to vote for the defendant and other persons named by him as directors; that the election was held, and that through the votes of plaintiff and other stockholders influenced by him the defendant and other persons named by him were elected to the board of directors; that the defendant failed in many respects to keep his agreement made as aforesaid, and that in consequence thereof plaintiff's stock was depreciated in value; wherefore the plaintiff demands judgment against the defendant for the sum of $20,000.

We are of the opinion that the demurrer to the complaint was properly sustained. Some of the alleged promises made by the defendant were to use his best endeavors to accomplish certain results, and it does not appear from the complaint but that he did perform such promises. Other promises were to do certain things which were directly in the line of his duty as a director of said company. The complaint alleges that the defendant agreed with the plaintiff to do such things, but does not state whether such agreement was in writing or oral, nor whether it was an express or an implied agreement. It is immaterial, however, whether there was an express agreement between the plaintiff and the defendant as to the performance of such acts as lay within the line of his duty as a director, for there was an implied agreement between the defendant and the plaintiff and all other stockholders that the defendant would do his duty as such director. If, therefore, the plaintiff has suffered injury because of the failure of the defendant to perform such duty, that injury is one which the plaintiff has suffered in common with all the other stockholders of the company, and the plaintiff cannot maintain a separate action to recover the depreciation of his stock. He must first request the company or its officers to bring an action, which, if successful, would inure to the benefit of all the stockholders; and if the company, or its officers, should refuse or neglect to bring such action, then he might maintain the same on behalf of himself and all others similarly situated.

A third class of such alleged promises was to do certain things which could only be done through the action of the board of directors. Among such things are two of the matters which are particularly specified in the complaint, and which relate to the sale of lots belonging to the company, and to the construction of an electric railroad at a reasonable expense. If the allegations of the complaint are to be regarded as setting forth an agreement on the part of the defendant to do such things, irrespective of the action of the board of directors, such agreement would obviously be null and void; and if such allegations are to be regarded as setting forth an agreement on the part of the defendant to control the board of directors, and induce them to act entirely in accordance with the wishes of the plaintiff, such agreement was an illegal one, and cannot be enforced in this action. It appears by the complaint that lots were sold, and an electric railroad constructed, and that various other things were done, in a manner which did not meet the approval of the plaintiff. All such acts must, however, have been done by authority of the board of directors; and, if such directors were guilty of a breach of duty, they can be held responsible in a proper action; but an agreement that the defendant should control the action of the board in such manner as the plaintiff should require was against public policy, and cannot be enforced. The plaintiff was the owner of but 300 shares out of 10,000, and the defendant could not lawfully enter into an agreement which contemplated that the directors of the company should surrender their powers to the plaintiff. In Morawetz on Private Corporations (section 519) it is said: "It is clear that a director has no right to sell his influence in the management of the company, or to enter into any agreement by which his official action would be influenced or controlled." This statement of the law is supported by many authorities.

See *West* v. *Camden*, 135 U. S. 507, 10 Sup. Ct. Rep. 838; *Bliss* v. *Matteson,* 45 N. Y. 22; *Fuller* v. *Dame*, 18 Pick. 472; *Guernsey* v. *Cook*, 120 Mass. 501; *Duncomb* v. *Railroad Co.*, 84 N. Y. 198, (190;) *Hoyle* v. *Railroad Co.*, 54 N. Y. 315.

It does not affect the matter that the alleged agreement has been performed on the part of the plaintiff. As the alleged agreement is against public policy, the performance by the plaintiff does not give him any right to claim performance on the part of the defendant. The judgment appealed from should be affirmed. All concur.