## SAN REMO COPPER MINING CO. v. MONEUSE.

(Supreme Court, Special Term, New York County. August 22, 1911.)

1. CONTRACTS (§ 121*)—VALIDITY—PUBLIC POLICY—ELECTION OF OFFICERS OF CORPORATION—STATUTE.

A stock corporation organized under the laws of West Virginia sued to recover damages for defendant's nonperformance of an agreement whereby, in consideration of the defendant's performance, the corporation bound itself to cause its treasury stock to be issued to the defendant, its secretary and treasurer to resign, and the vacancies to be filled by its board of directors by persons to be nominated by the defendant, and to elect a new board of directors at a stockholders' meeting to be called for that purpose. *Held*, that as the contract involved the surrender or abridgment of the directors' duty of appointing the officers of the corporation, expressly devolved upon them by Stock Corporation Law (Consol. Laws 1909, c. 59) § 30, the contract was void as against public policy.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 504; Dec. Dig. § 121.*]

2. CONTRACTS (§ 101*)—VALIDITY—WHAT LAW GOVERNS.

The enforcement of an agreement is controlled by the law of the forum, and where the agreement is offensive to public policy there, its enforcement will be denied.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 455–461; Dec. Dig. § 101.*]

Action by the San Remo Copper Mining Company against Elie J. Moneuse. Plaintiff's motion to overrule demurrer denied, and defendant's motion for judgment on the pleadings granted.

Defendant's agreement was to advance the necessary funds to redeem plaintiff's property from a foreclosure sale and to operate the mine.

See, also, 145 App. Div. 924, 130 N. Y. Supp. 1130.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James F. Mack, for plaintiff.

Hollander, Bernheimer & Bernheimer (Barnett L. Hollander, of counsel), for defendant.

BISCHOFF, J.   [1] The demurrer challenges the sufficiency of the complaint in an action wherein the plaintiff, a stock corporation organized under the laws of West Virginia, seeks damages for the defendant's nonperformance of an agreement, whereby in consideration of the defendant's performance the plaintiff in terms bound itself, among other things, to cause its treasury stock to be issued to the defendant, its secretary and treasurer to resign, the official vacancies to be filled by its board of directors in the appointment of persons to be nominated by the defendant, and a new board of directors to be elected at a stockholders' meeting to be called for that purpose.   In this state the duty of selecting and appointing the officers of a stock corporation is devolved upon the board of directors.   Stock Corporation Law, § 30; 5 Consol. Laws, p. 4005.   Such a duty cannot be contractually abridged (Auburn Academy v. Strong, 1 Hopk. Ch. 278, 282), and an agreement which involves the surrender of the discretion of those charged with the management of the affairs of a corporation is repugnant to public policy (Greenhood on Public Policy, rule 153, p. 138; West v. Camden, 135 U. S. 507, 520, etc., 10 Sup. Ct. 838, 34 L. Ed. 254; Guernsey v. Cook, 120 Mass. 501).   Such also is the law of this state.   Bliss v. Matteson, 45 N. Y. 22; Barnes v. Brown, 80 N. Y. 528, 535; Kountze v. Flanagan, 19 N. Y. Supp. 33.[1]

[2] It matters not that the law of West Virginia may be otherwise, the enforcement of the agreement is controlled by the law of the forum.   If the agreement is offensive to public policy there, its enforcement will be denied.   Hollis v. Drew, 95 N. Y. 166, 175; Bard v. Poole, 12 N. Y. 495; Vanderpoel v. Gorman, 140 N. Y. 563, 35 N. E. 932, 24 L. R. A. 548, 37 Am. St. Rep. 601; Milnor v. Railroad Co., 53 N. Y. 363, 367.

Plaintiff's motion to overrule demurrer denied, with costs.   Defendant's motion for judgment on the pleadings granted, with costs. Settle orders on notice.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 64 Hun, 635.