(82 Misc. Rep. 618.)

## GRAY v. HEINZE et al.

(Supreme Court, Special Term, Monroe County.   November, 1913.)

1. CORPORATIONS (§ 30*)—PROMOTERS—LIABILITY FOR FRAUDULENT ACTS.

Where promoters of a railroad corporation conspired to fraudulently subscribe, pay in, and withdraw the money required by statute to obtain a certificate of public necessity, without which nothing contemplated by the incorporation could be done, they could be held liable, in a subsequent action by a receiver of the corporation for breach of duty as directors, to account for the corporate property, though they did not become directors of the corporation until after the money was paid in and the resolution for its withdrawal adopted by the directors, and though others helped raise the money and share in its return.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 97–100; Dec. Dig. § 30.*]

2. CORPORATIONS (§ 307*)—DIRECTORS—NATURE OF OFFICE.

Directors are the agents of the corporation in its dealings with third persons, but as to the corporation they are trustees holding its property and chargeable with the duty of using, managing, and expending it in the corporation's business and for its benefit.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1350, 1351; Dec. Dig. § 307.*]

3. TRUSTS (§ 289*)—TRUSTEE—DUTY TO ACCOUNT.

A trustee must account for property of the cestui que trust within his possession or under his control.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 408; Dec. Dig. § 289.*]

4. CORPORATIONS (§ 319*)—ACTION AGAINST DIRECTORS—EQUITABLE RELIEF.

In a single action against directors of a corporation for a breach of their duty pursuant to a conspiracy existing at the formation of the corporation and for an accounting of the property affected by such breach, the court may go to the bottom of the wrong, and work out, in such form as the facts require, all the relief called for; and hence it is not a bar to such action that all the defendants are not equally affected by the cause of action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1415, 1416–1425; Dec. Dig. § 319.*]

5. CORPORATIONS (§ 560*)—ACTION AGAINST DIRECTORS—RIGHT TO EQUITABLE RELIEF.

In an action by the receiver of a corporation for an accounting of property in the hands of its directors, the complainant is entitled to remedies which a court of equity can give, although the amount is known.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2253–2260, 2262; Dec. Dig. § 560.*]

6. JUDGMENT (§ 252*)—RELIEF—CONFORMITY TO PRAYER.

A prayer for relief is never conclusive, but the pleader is entitled to such relief as the evidence under the pleadings represents.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

7. PLEADING (§ 192*)—COMPLAINT—SUFFICIENCY—SUPERFLUOUS ALLEGATIONS.

Superfluous allegations necessary to equity will not render demurrable a complaint in an action on the law side of the court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 408–427; Dec. Dig. § 192.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by William C. Gray, as receiver of the Rochester, Corning & Elmira Traction Company, against Otto C. Heinze and others. On motion for judgment on the complaint and the several demurrers of the defendants. Motion granted.

Abraham Benedict, of New York City, and Harlan W. Rippey, of Rochester, for plaintiff.

Wales F. Severance, of New York City, for defendants.

BENTON, J. This is a motion for judgment on the pleadings which are the complaint and demurrer of said defendants severally made. Every allegation of fact in the complaint and all reasonable inferences therefrom are admitted. If then a cause of action in plaintiff's favor against a defendant is stated, by demurring he admits it and practically confesses judgment.

The complaint alleges the organization of the Rochester, Corning & Elmira Traction Company, a domestic corporation, about July 25, 1906, pursuant to the Railroad Law, to build an electric surface railroad from Rochester to Elmira, 120 miles, upon which no substantial work was ever done. It alleges the due appointment of plaintiff as permanent receiver of said company. It alleges the directorship of each defendant, the beginning and duration of his term. All the defendants, except Heinze, Gifford, and Wolf, were named in the certificate of incorporation. It alleges Heinze and Schultze were the promoters of said company and furnished all or nearly all the $120,000 necessary to be paid in to obtain the certificate required; the others being called clerks, attorneys, and associates of said Heinze and Schultze. It alleges a conspiracy of all the defendants formed at or shortly before the organization of the company to evade the statute in requiring payment of at least $1,000 per mile in good faith and in cash upon the capital stock and to deceive the railroad commissioners, and the Appellate Division of the Supreme Court, and to enable Heinze and Schultze after the issuance of said certificate to withdraw and retake from the company the said $120,000. It alleges subscriptions to capital stock of at least $1,000 per mile and being at least 10 per cent. of the minimum amount of capital stock authorized by law and payment thereof in pretended compliance with the statute to the certificate directors. It alleges that pursuant to said conspiracy Heinze and Schultze paid or caused to be paid said $120,000 to said board of directors, who deposited it with the Knickerbocker Trust Company at interest subject to check, the account in form being with "Directors of Rochester, Corning & Elmira Traction Company," and thereupon said board of directors authorized the president and treasurer, viz., Schultze and Abel, to withdraw any or all of it. It alleges the application for the certificate, the refusal, the order of the Appellate Division, and the appeal to the Court of Appeals directing the issue of said certificate, all of which occurred between August 22, 1906, and July 22, 1907. It alleges that between January 25, 1907, and March 23, 1907, with the knowledge and consent of all the directors then in office, $115,000 of said money was paid said Heinze and Schultze and converted to their use, and between March 23, 1907, and September 20, 1907, the remain-

ing $5,000 was so paid them, all pursuant to said conspiracy. It alleges Heinze was a director from November 21, 1906, to February 27, 1908, Schultze from July 26, 1906, to February 27, 1908, Eckstein for the same time, Geer from July 26, 1906, to date, and Gifford from September 18, 1906, to February 27, 1908. It alleges that as part of the certificate of incorporation Schultze and Geer and Eckstein severally made oath that said $120,000, being at least 10 per cent. of the minimum capital stock authorized, had been in good faith subscribed and paid in cash to the directors. It alleges that the payment of said $120,000 stripped the corporation of practically all its property. It alleges that none of the defendants has accounted for the moneys wrongfully abstracted and diverted as aforesaid and that plaintiff has no adequate remedy at law. It asks that defendants account for and pay over to plaintiff all moneys wrongfully abstracted or diverted by them.

[1] The question raised by the demurrer in each case is: Does the complaint state facts sufficient to constitute a cause of action, and, if so, have causes of action been improperly united? The gist of the action is conspiracy to fraudulently subscribe, pay in, and withdraw the money required by the statute to obtain the certificate of public necessity without which nothing contemplated by the incorporation could be done. True, neither Heinze nor Gifford was a director when the money was paid, and the resolution for its withdrawal was adopted by the directors; but Heinze was the promoter who raised the money pursuant to the alleged conspiracy with knowledge of its fraudulent purpose and when he became a director consented to its withdrawal and wrongfully and with knowledge received it. It matters not that others helped raise it and shared in its return. The allegations of conspiracy, knowledge, and consent are sufficient to put Gifford to his answer or warrant a judgment against him.

There may be different degrees of participation in the disposition of the property, but the dealings are had with the property of the corporation and the duty in such dealing is owed by the trustees to it; consequently the act which furnishes the ground of action is the breach of duty, and an accounting is asked of the property affected by such breach. Mabon v. Miller, 81 App. Div. 10, 80 N. Y. Supp. 979. Every person who enters into the common design is in law a party to every act previously or subsequently done by any of the others in pursuance of it. 8 Cyc. 658.

[2] Directors are the agents of the corporation in its dealings with third persons, but they are trustees in relation to the corporation for they hold its property and are charged with the duty of using, managing, and expending it in its business and for its benefit. Mabon v. Miller, 81 App. Div. 10, 17, 80 N. Y. Supp. 979; Bosworth v. Allen, 168 N. Y. 157, 164, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667. Directors are trustees for the stockholders. 10 Cyc. 787; Bliss v. Matteson, 45 N. Y. 22.

[3] It is elementary that a trustee must account for property of the cestui que trust within his possession or under his control. A cestui que trust may sue at law, but he need not.

[4] Even if all are not equally affected by the cause of action, that is not a bar for:

"In a single equitable action the court may go to the bottom of the wrong, and work out, in such form as the facts require, all the relief called for by the conspiracy of the defendants against the corporation toward which they stood as trustees." Bosworth v. Allen, supra.

This case is not at all in conflict with the rule stated in Higgins v. Tefft, 4 App. Div. 62, 38 N. Y. Supp. 716, that:

"Conceding all the facts as alleged, there would be no sum of money to which these defendants or either of them would be held liable to account."

For we have a specific sum, definite in amount, $120,000, in the hands of the trustee directors and to which they seem to have had the legal title. It is more than a pure action for damages for wrongful or negligent acts for which a money judgment for damages is the adequate remedy.

[5, 6] The corporation seeks an accounting for its property in the hands of its directors. Although the amount is known, the corporation is entitled to the remedies a court of equity can give. Plainly, it seems to me, the action lies irrespective of the statute. Laws of 1913, c. 633. That act in precise terms makes directors liable in equity "to account for injury to or losses of the funds, assets or property of the corporation caused by or through any neglect or failure of the defendants to perform or for violation of their duties." The complaint is within the terms of this act. But one cause of action is alleged. "The facts may give either an action at law or a suit in equity." Bosworth v. Allen, supra. The addition of allegations of inadequacy of the remedy at law and the prayer for relief complete "the facts sufficient" to constitute a cause of action in equity. It would be absurd to hold they prevent the relief they must be alleged to get. The prayer for relief is never conclusive. A party is entitled to such relief as the evidence under the pleadings represent.

[7] Even if the action were upon the law side of this court, superfluous allegations necessary to equity would not make a complaint otherwise good demurrable. 31 Cyc. 293. A cause of action is not necessarily a single transaction, generally is not. Transactions that relate to the same matters, have the same subject, and are connected together in equity, constitute a single transaction. Mabon v. Miller, 81 App. Div. 10, 20, 80 N. Y. Supp. 979.

That the complaint states a cause of action at law is not questioned and cannot be successfully. It is therefore in this court of right and entitled to trial. If not an equity cause, the remedy of removal to the law calendar by motion is simple, speedy, and effective. In such case to throw the case out by demurrer, compel amendments, and impose costs seems to me servile and unjust subservience of justice to technicality. If the complaint states a cause of action as it concededly does, how can it be successfully demurred to on the ground it does not? That is judicial legislation. It is safe to say Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095, will not be followed. Its authority has been questioned. Sims v. Farson, 157 App. Div. 38, 141 N. Y.

Supp. 673; Squiers v. Thompson, 73 App. Div. 552, 76 N. Y. Supp. 734, affirmed 172 N. Y. 652, 65 N. E. 1122.

The motion is granted, with $10 costs.

Motion granted, with $10 costs.