The defendant, however, by his fifth assignment of error, alleges "that the order and commitment herein is invalid and void in that it does not provide for the alternative of giving security as required by section 686 of the Greater New York charter, and in that it is ordered that bond be in the sum of one hundred and fifty-six ($156) dollars, and pay three dollars per week for the support of wife and children." Here is a direct assignment of error in that part of the order which fixes the weekly allowance to be paid by the defendant, and he is therefore entitled to have the action of the magistrate fixing the sum of three dollars per week reviewed by the court of general sessions. By section 689 of the charter of the city of New York (chapter 378, Laws 1897), an appeal is allowed from a conviction before a city magistrate to the court of general sessions, and it is provided that said appeal shall be conducted under and in accordance with the provisions of the Code of Criminal Procedure of the state of New York, except that the notice required to be served upon the district attorney upon such appeal shall be served upon the commissioner for the borough in which the conviction from which such appeal is taken was had. To determine upon appeal the propriety of the order fixing the amount of three dollars weekly, the evidence before the magistrate was essential, and, as the magistrate has not returned such testimony, the conviction cannot stand. By section 764 of the Code of Criminal Procedure, it is provided that after hearing the appeal the court must give judgment which the court below should have rendered, or "may, according to the justice of the case, affirm or reverse the judgment, in whole or in part, as to all or any of the defendants," or may order a new trial, or may modify the sentence. As we have not the evidence before the magistrate, it is impossible upon this appeal either to affirm or modify the judgment. We are constrained, therefore, to reverse the judgment, and order a new trial before the magistrate.

The order appealed from should therefore be reversed, and a new trial ordered before the magistrate, and, under section 689 of the charter of the city of New York, this reversal must be with $30 costs and disbursements to the defendant. All concur.

(63 App. Div. 199.)

CODY et al. v. FIRST NAT. BANK OF SPRINGFIELD, OHIO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. CHATTEL MORTGAGES—FRAUDULENT FORECLOSURE—ACTION FOR CONVERSION.
    A complaint by a chattel mortgagor alleging that defendant mortgagee took possession of the mortgaged property on default, and purchased the same at a foreclosure sale for an inadequate price, by means of fraudulent representations preventing higher bids, and demanding damages therefor, presents a cause at law for conversion, and not a suit in equity to redeem.

2. SAME.
    As the legal title to mortgaged personal property is in the mortgagee, after default, subject only to the equitable right of the mortgagor to

redeem, a chattel mortgagor, after default, cannot maintain an action against the mortgagee for a conversion thereof.

**8. Same.**
    Under Code Civ. Proc. § 481, requiring the complaint to contain a demand for the appropriate relief, and section 1207, providing that when no answer is filed the judgment shall not be more favorable to plaintiff than demanded in the complaint, a complaint by a chattel mortgagor stating facts authorizing a redemption from a foreclosure ·sale, but not showing a conversion by the mortgagee, and only asking judgment for damages, is subject to demurrer for want of facts showing a conversion.

Appeal from special term, Kings county.

Action by Richard Cody and another against the First National Bank of Springfield, Ohio. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Clifton P. Williamson, for appellant.
James T. O'Neill, for respondent.

HATCH, J.    This action was brought to recover the sum of $1,600, with interest, as damages averred to have been sustained by plaintiffs by reason of the conversion by the defendant of a steam roller mortgaged by the plaintiffs by a chattel mortgage given to secure a part of the purchase price thereof, which mortgage by mesne assignments became the property of the defendant, and was by it foreclosed. It is averred in the complaint that the plaintiffs purchased the roller on or about the 12th day of January, 1897, for $2,900, and gave two promissory notes, for $733.33 each, payable, respectively, six and nine months after date, in part payment for the same, and made and executed a chattel mortgage on the roller to secure the payment of the notes, in which it was provided that, if default should be made in the payment of the sum or sums represented by the notes at maturity, then it should be lawful for said mortgagees or their assigns to take possession of said property at their option, and hold the same until the maturity of the note last falling due, and at that time to sell the property for the best price they could obtain, and out of the proceeds of the sale to retain the sums represented by said notes, or so much thereof as might remain unpaid; that at a time subsequent to the maturity of the last note the defendant took possession of the mortgaged property and sold the same at public auction; that upon such sale certain false and fraudulent representations were made by the defendant as to the mortgaged property, which seriously affected its value in the estimation of intending purchasers, and caused the same to be sold for a much less price than would have been realized had the same been honestly represented; that such acts of defendant constituted a conversion of the property. The defendant interposed a general demurrer to the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action. Upon the trial of the demurrer the special term overruled it, holding that, as sufficient facts were averred in the complaint to sustain an action in equity to redeem the property, the demurrer would not lie. From

the interlocutory judgment overruling the demurrer this appeal is taken.

We have reached the conclusion that the decision of the learned court at special term is erroneous, and that the demurrer interposed by the defendant should have been sustained, and judgment rendered for the defendant thereon. It is evident that the action was brought as one purely at law, to recover damages to property on the theory of a conversion. Indeed, counsel for respondent states in the opening of his brief, notwithstanding what the court has said as to the complaint, "that this action was brought * * * to recover the sum of $1,600, with interest from January 20, 1898, damages for a wrongful sale of personal property by the defendant on which the defendant had a chattel mortgage." It is equally clear that the plaintiff cannot maintain an action for conversion, for such an action must be founded upon legal title in the plaintiff, or his right to possession. The only interest the plaintiffs could have in the property in question is the equitable right of redemption. A mere equitable interest in personal property, where the legal title and actual possession are in another, is not sufficient to enable one to maintain trover. The plaintiffs had no legal title to the property at the time the sale was made. It is the law in this state that, after default in the payment of a mortgage debt, at law the title of the mortgagee to the mortgaged property becomes absolute, subject only to the right of the mortgagor to redeem, which right is liable to be extinguished by a valid sale of the property by the mortgagee. Casserly v. Witherbee, 119 N. Y. 522, 526, 23 N. E. 1000; Bragelman v. Dane, 69 N. Y. 74. Under these authorities the plaintiffs have no remedy at law, but must go into a court of equity for a remedy. Stoddard v. Denison, 38 How. Prac. 296.

If it might be possible to spell out of the complaint in this action the averment of sufficient facts to sustain an action brought for redemption, which may be doubted, it does not follow that the demurrer is not well taken. The action, as already stated, is not brought, nor is the pleading framed, for any form of equitable relief. There is no demand for any form of equitable relief, nor prayer for relief generally. The demand is for the specific relief of money damages, and the pleading is framed wholly with reference to such relief. The Code of Civil Procedure prescribes, among other things that a complaint shall contain, that it must contain a "demand of the judgment to which the plaintiff supposes himself entitled." Section 481. And it is further prescribed that where there is no answer the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. Section 1207. In Edson v. Girvan, 29 Hun, 422, the court held that the facts stated in the complaint were not sufficient to justify a judgment against the defendant demurring for the amount of the promissory note upon which the action was brought, but were doubtless sufficient to sustain an action for an accounting; yet the demurrer was sustained, the court saying:

"By the provisions of the Code, the relief could not be more favorable than this [a money judgment for a specific amount was demanded in the

complaint] to the plaintiff, unless an answer in the case should be served. Code Civ. Proc. § 1207. And as this defendant did not answer, but served a demurrer, this section of the Code is directly applicable to the disposition of the appeal."

It is true that the failure of the plaintiff to demand the precise relief to which he is entitled is not a ground for demurrer, but, in view of the requirements of the Code provision—

"The demand may properly be considered by the court in determining the nature of the action set forth in the complaint, whether it is an action at law or in equity; whether the parties would be entitled to a trial by jury or by the court." Swart v. Boughton, 35 Hun, 281.

It is also there held that:

"Where all the allegations of the complaint are made for the purpose of procuring equitable relief, and where equitable relief alone is asked for, the complaint cannot be sustained for legal redress where no answer has been interposed." Kelly v. Downing, 42 N. Y. 71.

We reach the conclusion that the converse of this proposition is also true, and is the law to be applied here,—where only legal redress is demanded, and no answer is interposed, the complaint cannot be sustained for equitable relief.

We have examined the cases cited by respondents in which it is held that the complaint must be sustained if the facts as alleged entitle the plaintiff to any relief, no matter whether his prayer is addressed to the legal or equitable jurisdiction of the court, and when the facts stated in the complaint entitle the plaintiff to relief in equity a demurrer will not lie because he has not asked for it in the form in which he is entitled to it. In each of the cases cited under the first branch of the proposition there was an answer interposed, and in those cited under the second branch some form of equitable relief had been asked for, or the pleading was framed with a view to such relief, showing that the action was addressed to the equity jurisdiction. The cases are therefore clearly distinguishable from the case at bar.

These considerations lead us to the conclusion that the judgment appealed from should be reversed, with costs, and the demurrer sustained, with leave to plaintiff to serve an amended complaint within 20 days upon payment of costs in this court and in the court below. All concur.