BLACK v. VANDERBILT et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

NEWSPAPER—BOOMING CORPORATE STOCK—CONTRACT—COMPLAINT FOR EQUITABLE RELIEF—SUSTAINING AS FOR LEGAL REDRESS.

A complaint, in substance, alleged the failure of defendants to compensate plaintiff as agreed for services performed in booming, in a newspaper of which he was editor and manager, the price of a certain railroad stock which defendants and others were manipulating on the stock exchange. It alleged that, as compensation, a certain number of shares in possession of defendants were set aside as plaintiff's property, and for his benefit, from which, if a profit resulted from the manipulation, defendants were to account to him, and if otherwise, to bear the loss, and that large profits resulted, for which defendants had not accounted. It alleged conduct and acts of defendants as tending to result in plaintiff's loss of the stock and profits held by them in violation of their agreement, and then asked for an accounting, injunction, and the appointment of a receiver, and such other relief as might be just and equitable. *Held*, that the complaint was framed solely for equitable relief, and could not be sustained, as against a demurrer for want of equity, as a complaint for legal redress.

Laughlin, J., dissenting.

Appeal from special term, New York county.

Action by E. Martin Black against William K. Vanderbilt and others. A demurrer to the amended complaint was sustained, and plaintiff appeals. Affirmed.

See 74 N. Y. Supp. 629.

The complaint herein is as follows:

"(1) That the plaintiff now is, and at all times since the year 1887 has been, the editor and manager of a newspaper known as 'The Wall Street Daily News.' (2) That in or about the years 1897–1898 the said defendants entered into an agreement with said plaintiff, which agreement was in part in writing and in part oral, wherein and whereby they, the said defendants, for and in consideration of the services of the plaintiff as hereinafter mentioned, agreed to and did set apart, as the property of and for the benefit of said plaintiff, five hundred shares of the common capital stock of the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company, of the par value of $100 per share, which said five hundred shares they, the said defendants, placed with other like shares of the capital stock of the said railroad company owned by them and others, and controlled by them, for the purpose of forming a pool or combination of said stock, and dealing in or manipulating the price of the same on the New York Stock Exchange and elsewhere, with the view of enhancing the value of all such shares; that it was in and by said agreement further provided that, in case a loss should be incurred in such dealings or manipulation, it should, so far as the said plaintiff was concerned, be borne by the defendants, while, if a profit resulted therefrom, the said defendants were, upon demand of said plaintiff, to account for and pay over to said plaintiff the profit that would be and become due to him on account of the shares so set apart for him up to and at the time such demand was made. (3) That said agreement further provided that in consideration of the terms thereof to be performed as aforesaid by said defendants, as such trustees, said plaintiff was to perform certain work and services, on request and on behalf of said defendants, in and about the enhancement of the value of said stock through the medium of the said newspaper; that said plaintiff fully performed all the matters and things by him to be performed under said agreement. (4) That after the formation by the defendants, as aforesaid, of the said pool or combination, the market price of the shares of the said Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company, by reason of the services of the plaintiff as aforesaid, and the

dealings and manipulation as aforesaid, rose rapidly in value, and large profits accrued in favor of the defendants and said plaintiff, and said plaintiff thereafter demanded of the defendants that they account for and pay over to him his share of such profits, as represented by the 500 shares aforesaid; that said trust is still open, and the accounts of said trustees have not been settled or adjusted, or the amount due said plaintiff under said trust agreement ascertained. (5) On information and belief, that the said defendants William K. Vanderbilt and Edward V. W. Rossiter allowed, and still allow, said defendant Francis D. Carley to manage, control, and manipulate said stock, including said five hundred shares held as aforesaid for said plaintiff; that said defendant Francis D. Carley is insolvent and unable to pay his debts, and has unpaid, outstanding judgments against him; that said defendants during the pendency of this action are doing and procuring to be done various acts in violation of the said plaintiff's rights respecting said five hundred shares of stock, and the profits already or to be derived from the sale thereof, which tend to render any judgment which may be recovered herein ineffectual; that said plaintiff has a substantial interest in said shares of stock, and the profits already or to be derived from the sale thereof, now in the possession or under the control of said defendants as such trustees, and there is danger that such stock or the profits already, or to be derived from the sale thereof, will be removed by said defendants beyond the jurisdiction of said court, or will be lost, materially injured, and destroyed.

"Wherefore said plaintiff demands judgment against said defendants: (1) That an accounting be had of and concerning the matters and things aforesaid, and that said defendants pay over to said plaintiff any and all sums of money or profits found to be due him upon such accounting. (2) That said defendants, and each and every of them, and the agents, brokers, and employés of each and every of them, be restrained by injunction, during the pendency of this action, from interfering with or disposing of said five hundred shares of stock held as aforesaid for said plaintiff, if still in their possession or under their control, and from interfering with or disposing of any and all sums of money or profits due said plaintiff under the terms of said agreement. (3) That a receiver be appointed of the said five hundred shares of said stock held as aforesaid for said plaintiff, or, if the said shares have been sold, then and in that case, of the profits derived by said defendants, as such trustees, from the sale or transfer thereof. (4) That said plaintiff have such other and further relief in the premises as may be just and equitable, together with the costs and disbursements of this action."

The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action; one of the reasons assigned being that the plaintiff's remedy, if any, is legal, and not equitable, as demanded. The court sustained the demurrer, and from the interlocutory judgment thus entered the plaintiff appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Robert L. Stanton, for appellant.
Henry B. Anderson, for respondents.

O'BRIEN, J. Reading the allegations of the complaint in the light of the prayer for relief, there can be no doubt that what the plaintiff sought was equitable relief in an equitable action. Were there any such doubt, it would be dispelled by the statement in the brief of the plaintiff on this appeal that "the amended complaint states a good cause of action for equitable relief, and, upon the allegations contained in the amended complaint, the plaintiff is entitled to maintain an action for an accounting." It is true that in a subsequent part of the brief is the contention that if, upon the facts stated, the

plaintiff was entitled to any redress, legal or equitable, it was error for the court to sustain the demurrer. This latter proposition for which the appellant contends has been applied in cases where an answer has been interposed, and thereafter the sufficiency of the complaint was questioned. We can find, however, no authority for the proposition that where a suit is brought in equity for equitable relief, and the defendant demurs, it then becomes the duty of the court, where the facts would not warrant equitable redress, to hold that the demurrer is bad because it might be concluded, upon some construction of the allegations of the complaint, that the plaintiff has stated certain facts which, disregarding all the others, might convert the suit into an action at law. It is true that a party is not to be turned out of court merely because he has failed to demand the precise remedy to which he is entitled, and that he may state in his complaint the facts upon which he relies in such a manner as to entitle him either to legal or equitable relief. But here no legal redress is demanded, and it conclusively appears that the complaint was framed for equitable relief alone.

In Swart v. Boughton, 35 Hun, 287, it was said:

"Where all the allegations of the complaint are made for the purpose of procuring equitable relief, and where equitable relief alone is asked for, the complaint cannot.be sustained for legal redress where no answer has been interposed "

That case was followed by this court in Cody v. Bank, 63 App. Div. 199, 71 N. Y. Supp. 277; and, in view of the very full discussion there of the exact question here presented for consideration, it is unnecessary to add to what was therein said.

Regarding the question as settled, therefore, so far as this court is concerned, we think that the disposition made by the special term in sustaining the demurrer was right. The interlocutory judgment appealed from should accordingly be affirmed, with costs, with leave to plaintiff within 20 days to amend complaint upon payment of costs in this court and in the court below. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. (dissenting). The sole ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges that in 1897, the plaintiff, being then the editor and manager of the Wall Street Daily News, the defendants entered into an agreement with him, partly in writing and partly in parol, whereby "they agreed to and did set apart, as the property of and for the benefit of said plaintiff," 500 shares of the common capital stock of the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company, of the par value of $100 each, and placed said stock, with other like shares of the capital stock of said railroad company, owned by them and others, and "controlled by them, for the purpose of forming a pool or combination of said stock, and dealing in or manipulating the price of the same on the New York Stock Exchange and elsewhere, with the view of enhancing the value of all such shares"; that it was further provided by said agreement "that, in case a loss

should be incurred in such dealing or manipulation, it should, so far as the said plaintiff was concerned, be borne by the said defendants, while, if a profit resulted therefrom, the said defendants were, upon demand of said plaintiff, to account for and pay over to said plaintiff the profit that would be and become due to him on account of the shares so set apart for him up to and at the time such demand was made".; that, on consideration of the said agreement on the part of the "defendants as such trustees," the "plaintiff was to perform certain work and services, on request and on behalf of said defendants, in and about the enhancement of the value of said stock through the medium of said newspaper"; that plaintiff has fully performed said contract on his part, and that by reason of the services so performed by him, and of the dealings and manipulation of said stock by the defendants as contemplated in the agreement, the market price of the stock rose rapidly, and large profits accumulated thereon in favor of the parties hereto; that plaintiff thereafter demanded of defendants "that they account for and pay over to him his share of such profits"; that "said trust is still open, and the accounts of said trustees have not been settled or adjusted, or the amount due said plaintiff under said trust agreement ascertained"; that the other defendants allow the defendant Carley, who is insolvent, to "manage, control, and manipulate said stock"; that the defendants are doing and procuring to be done "various acts in violation of the said plaintiff's rights respecting said five hundred shares of stock, and the profits already or to be derived from the sale thereof, which tend to render any judgment which may be recovered herein ineffectual; that said plaintiff has a substantial interest in said shares of stock, and the profits already or to be derived from the sale thereof, now in the possession or under the control of said defendants as such trustees, and there is danger that such stock, or the profits already or to be derived from the sale thereof, will be removed by said defendants beyond the jurisdiction of said court, or will be lost, materially injured, or destroyed." The prayer for relief is (1) that "an accounting be had," and that defendants pay over to plaintiff "any and all sums of money or profits found to be due him upon such accounting"; (2) that defendants be enjoined pendente lite from interfering with or disposing of said 500 shares of stock, if still in their possession or under their control, or any money or profits due to plaintiff under said agreement; (3) that a receiver of said stock, or of the profits derived by defendants, "as such trustees," from a sale or transfer thereof, be appointed; and (4) the usual prayer for "other and further relief."

On demurrer, every allegation of fact, and every fact that may be implied therefrom by reasonable and fair intendment, must be taken as true. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Coatsworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301; Greeff v. Society, 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659. Under the chancery practice, a demurrer would, of course, lie to a bill of complaint not showing a cause of action in equity. Grandin v. Le Roy, 2 Paige, 509; Wiswall v. Hall, 3 Paige, 313. The Code of Civil Procedure (section 3339) provides that:

"There is only one form of civil action. The distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished."

The demurrer follows strictly the language of the eighth subdivision of section 488 of the Code of Civil Procedure, which authorizes a demurrer where it appears on the face of the complaint "that it does not state facts sufficient to constitute a cause of action." The plaintiff is not obliged to expressly state in his complaint whether he is proceeding at law or in equity. The only requirement is "a plain and concise statement of the facts constituting" the cause of action, "without unnecessary repetition," and "a demand of the judgment to which the plaintiff supposes himself entitled." Code Civ. Proc. § 481, subds. 2, 3. The complaint does not denominate the action a suit in equity, and the plaintiff has neither placed it upon the special term calendar, nor moved for a reference, nor done anything by which he has elected to stand or fall upon his complaint as sufficient for equitable relief. The prayer for relief is a limitation upon the right to recover only where no answer has been interposed. In such case the judgment may not be more favorable to plaintiff than that demanded in the complaint; but, where the defendants have answered, the plaintiff may have any judgment warranted by the proofs, and embraced within the issues. Code Civ. Proc. § 1207; Chaurant v. Maillard, 56 App. Div. 11, 67 N. Y. Supp. 345. The doctrine has been announced in general terms that, if a case for either legal or equitable relief is alleged, the complaint is not demurrable because the plaintiff has not demanded the precise relief to which he is entitled. Lester v. Seilliere, 50 App. Div. 239, 63 N. Y. Supp. 748; Wetmore v. Porter, 92 N. Y. 76; Parker v. John Pullman & Co., 36 App. Div. 208, 56 N. Y. Supp. 734. This rule, however, is not to be applied literally to all cases. The judgment must follow the allegations as well as the proof; and, where the complaint is clearly framed in equity for equitable relief, it may, in the discretion of the court, be dismissed, even at the trial, although the evidence shows a cause of action at law. Arnold v. Angell, 62 N. Y. 508; Hawes v. Dobbs, 137 N. Y. 465, 33 N. E. 560; Ketchum v. Depew, 81 Hun, 278, 30 N. Y. Supp. 794. But the better practice in such cases is for the court to retain the action and send it to the trial calendar. Thomas v. Schumacher, 17 App. Div. 441, 447, 448, 45 N. Y. Supp. 166, affirmed on opinion below in 163 N. Y. 554, 57 N. E. 1126; Ashley v. Lehmann, 54 App. Div. 45, 66 N. Y. Supp. 299; Emery v. Pease, 20 N. Y. 62; Cuff v. Dorland, 55 Barb. 482. The preponderance of authority seems to be to the effect that on a demurrer for the purpose of ascertaining whether a good cause of action is stated, the inquiry is whether the plaintiff would be entitled to a judgment for any relief by default. Accordingly it is held that where a pleading is framed as an action at law, and there is no prayer for any form of equitable relief, if the complaint fails to state a good cause of action at law, it is demurrable, even though the facts would afford ground for equitable relief; and it is likewise held that where all the allegations of a complaint are for equitable relief, and equitable relief only is demanded, if a good cause in equity be not alleged, the complaint is demurrable, even

though the facts stated show that the plaintiff has a cause of action at law.   Cody v. Bank, 63 App. Div. 199, 71 N. Y. Supp. 277; Swart v. Boughton, 35 Hun, 281; Kelly v. Downing, 42 N. Y. 71.

I am inclined to think the complaint cannot be sustained in equity. The allegations are not sufficient, if proved, to establish a partnership between the parties, and plaintiff is not entitled to an accounting on that theory.   Sharing in the profits as compensation for services rendered does not constitute one a partner.   Smith v. Bodine, 74 N. Y. 30; Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267; Bank v. Barnes, 32 App. Div. 92, 52 N. Y. Supp. 786; McCullough v. Pence, 85 Hun, 271, 32 N. Y. Supp. 986.   If the plaintiff owned the stock, and intrusted it to the defendants to manipulate, or if by the agreement it was to become his, a trust would exist between them concerning it, and he would be entitled to an accounting.   Marston v. Gould, 69 N. Y. 225; Marvin v. Brooks, 94 N. Y. 71; Parker v. John Pullman & Co., 36 App. Div. 208, 56 N. Y. Supp. 734; Schantz v. Oakman, 163 N. Y. 148, 57 N. E. 288.   But as I read the complaint, the plaintiff is only interested in the profits.   Nor does he show that the taking of the account of defendants' transactions with the stock will be so complicated or difficult as to warrant a court of equity in taking cognizance of the action, within the authority of Parker v. John Pullman & Co., supra.

I think, however, that, within the rules stated, the allegations of the complaint and the relief demanded do not necessarily stamp the action as in equity.   The complaint sufficiently avers a cause of action for services rendered, and for the breach of the contract to account for profits on the stock and pay the same as consideration for such services.   In effect, these allegations of the complaint show that profits have been earned under the agreement, that plaintiff is entitled to share therein, and that the defendants have refused, upon demand, to pay the amount owing to him.   The ultimate object of the action is to recover a judgment for the amount of such profits.   It will be necessary to take an accounting to determine the amount to which the plaintiff is entitled, and therefore the complaint, even if the action be deemed at law, properly demands that an accounting be had.   The demand concerning the account is not in the form adopted in equity practice, viz., that defendants be directed to render an account, but in the form authorized by the Code in an action at law, viz., that "an accounting be had to ascertain the amount owing to plaintiff and for which he is entitled to judgment."   The complaint, as thus construed, is for a cause of action specified in section 420 of the Code of Civil Procedure; but inasmuch as the sum of money demanded is not fixed by the terms of the contract, or capable of ascertainment therefrom by computation only, judgment could not be taken by default without an application to the court.   Code Civ. Proc. §§ 419, 420, 1212, 1215.   On such application the court, or a judge thereof, must render the judgment to which the plaintiff is entitled, and may, "without a jury or with a jury, if one is present in court, make a computation or assessment, or take an account on proof of the fact for the purpose of enabling it or them to render the judgment or to carry

it into effect; * * * or direct a refer.ace or a writ of inquiry for either purpose," except that, in an action for personal injuries or an injury to property, the damages must be ascertained on a writ of inquiry. If the action be regarded as one to recover money only, it is thus seen that the taking of an account to determine the amount of the recovery is expressly authorized by the Code, even if the defendant should make default. It is also authorized by the Code upon a trial or upon a reference. Code Civ. Proc. §§ 1013, 1015; Smith v. Bodine, supra; Wisner v. Fruit Jar Co., 25 App. Div. 362, 49 N. Y. Supp. 500; McCullough v. Pence, supra; Parker v. John Pullman & Co., supra. An action to recover compensation determinable by the profits of an individual or firm is an action at law, and, under the authorities above cited, the account may be taken by the court or upon a reference. Thomas v. Schumacher, supra; Ashley v. Lehmann, supra; Wisner v. Fruit Jar Co., supra.

In the case at bar, I think the complaint does not attempt to state a cause of action of which a court of equity would have exclusive jurisdiction, nor is the prayer for judgment confined to a demand for equitable relief. A judgment for money only is demanded, and the taking of the account is necessary solely to determine the amount. A temporary injunction, such as may issue in an action at law, is prayed for; but there is no demand for injunctive relief by final judgment. It is true that some of the allegations indicate that the pleader undertook to frame his complaint in equity; but as no equitable relief could, in any aspect of the case, be awarded, this should not be deemed a controlling election. I see no insuperable obstacle to the plaintiff's sustaining and prosecuting his action to trial and final judgment in a court of law. I find no authority for sustaining a demurrer to a complaint in an action at law upon the ground that, while demanding a money judgment, the amount is not stated, owing to the fact that it depends on an accounting. In this respect the McCullough and Wisner Cases, supra, were like the case at bar. In my opinion, therefore, the demurrer should have been overruled, and the interlocutory judgment should be reversed, with costs, but with leave to the defendants to answer upon payment of the costs of the appeal and of the demurrer.