SQUIERS v. THOMPSON et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

1. CORPORATIONS—DIRECTORS—DECEIT—EQUITY—SUIT BY STOCKHOLDERS.

Plaintiff's complaint alleged that defendants were directors of a loan association whose charter required that its funds be invested in first mortgages; that defendants invested in second mortgages; that they printed the charter and certain annual reports for distribution, and that, relying on such statements, which were false, plaintiff's testatrix purchased certain shares; that the association has been adjudged insolvent, and receivers appointed; that defendants organized a realty corporation, which has taken from the receivers all the assets of the association nominally at 50 cents on the dollar; that no payment in cash was made, but the receivers took back a second mortgage on certain property, payable in three years, without interest, by reason whereof the amount and time when plaintiff will realize anything are uncertain; and prayed that defendants may indemnify the plaintiff, and make good their false representations, and repay the money so invested by the testatrix. *Held*, that the complaint states a cause of action in equity, maintainable by a stockholder, for indemnity against the directors for the deceit.

2. COMPLAINT—DEMAND FOR RELIEF—DEMURRER.

Where a complaint alleges facts which entitle plaintiff to relief, either legal or equitable, it is not demurrable, though he demands relief which he is not entitled to.

3. SUIT AGAINST DIRECTORS—PARTIES.

In an action against the directors of a corporation for indemnity for deceit practiced by them, the corporation having passed into the hands of receivers, such receivers are not necessary parties.

4. SAME—DECEIT—DEATH OF PLAINTIFF—ABATEMENT.

An action against the directors of a corporation for indemnity for deceit which induced the purchase of stock in the corporation does not abate on the death of such purchaser.

Appeal from special term, Kings county.

Action by Arnon Lyon Squiers, as executor of the will of Caroline Wylie Squiers, against Edward Thompson and others. From an interlocutory judgment overruling the demurrer of defendant Edward Thompson to the complaint, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John L. Hill, for appellant.
E. P. Lyons, for respondent.

GOODRICH, P. J. The defendant Thompson appeals from an interlocutory judgment overruling a demurrer to the complaint. Three grounds are stated in the defendant's brief, as follows:

"(1) That the complaint does not state facts sufficient to constitute a cause of action,—accompanied by insistence that the cause is in equity, and that the complaint cannot be sustained as stating a cause of action in equity. (2) That there is a defect of parties defendant, in that the receivers of the Anglo-American Savings & Loan Association are necessary parties defendant, and have not been joined. (3) Improper joinder of causes of action."

As the subject-matter of this action has been before this court on two occasions (People v. Anglo-American Savings & Loan Ass'n,

60 App. Div. 389, 69 N. Y. Supp. 1054; Id., 66 App. Div. 9, 72 N. Y. Supp. 1021), it will not be necessary to detail minutely the allegations of the complaint. Briefly summarized, it alleges that the defendants were directors of the Anglo-American Savings & Loan Association; that the articles of incorporation provided that its funds should be invested in first mortgages upon improved real estate in amount not exceeding 60 per cent. of the appraised value; that the directors violated the articles by investing funds in second mortgages instead of first mortgages, being what are referred to in our previous opinion as the Price mortgages; that the defendants printed the articles of association and certain annual reports for general distribution as prospectuses to induce and effect the sale of its stock, and that Mrs. Squiers, the plaintiff's testatrix, purchased three shares of prepaid stock for $199, and became a stockholder of the association, in reliance upon such statements, which were in fact false; that the association has been adjudged insolvent, and receivers have been appointed; that the defendants organized a realty corporation, which has taken over from the receivers (this under the decision in 66 App. Div. 9, 72 N. Y. Supp. 1021) all the assets of the corporation, nominally at 50 cents on the dollar; that no payment in cash was made to the receivers, but that they have taken back a second mortgage on the Price real estate interests, payable in three years, without interest, by reason whereof the amount and time when the plaintiff will realize anything are problematical and uncertain, and consequently there is at law no complete and adequate remedy. The prayer is that the defendants may indemnify the plaintiff, and make good their false representations, and repay the plaintiff the money so invested by the testatrix. The learned counsel for the defendants contends "that directors cannot be adjudged liable at the suit of a stockholder in equity, in any view." He concedes, as well he may, that the English rule is established by Hill v. Lane, L. R. 11 Eq. 215, and Peek v. Gurney, L. R. 6 H. L. 377. In the latter case Lord Chelmsford said (page 390):

"It is a suit instituted to recover damages from the respondents for the injury the appellant has sustained by having been deceived and misled, by their misrepresentations and suppression of facts, to become a shareholder in the proposed company, of which they were the promoters. It is precisely analogous to the common-law action for deceit. There can be no doubt that equity exercises a concurrent jurisdiction in cases of this description, and the same principles applicable to them must prevail both at law and in equity."

The learned counsel for the plaintiff states that his complaint was drawn in accordance with Peek v. Gurney, and contends that the American rule is identical with the English rule as above stated. The industrious counsel for each party have been unable to find any decision exactly involving the question whether the doctrine of Peek v. Gurney, supra, has been adopted by our courts. But in Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. Ed. 1005, it was held that, where a charge of fraud involves the consideration of principles applicable to fiduciary and trust relations, equity has jurisdiction over it, as fraud has a more extensive significance in equity than it has at law.

In 1 Pom. Eq. Jur. (2d Ed.) § 217, it is said:

"The insufficiency and inadequacy of the legal remedies to meet the requirements of justice under any given state of circumstances, where the primary rights, interests, or estates of the litigant parties to be enforced or maintained are wholly legal, constitute the foundation of the concurrent jurisdiction of equity to interfere under those circumstances. They are the essential facts upon which the existence of that jurisdiction depends. Since the primary rights, interests, or estates of the litigant parties are legal, those parties are, of course, entitled to go into a court of law, and obtain the remedies which it can furnish. But it is solely because these legal remedies are, under the assumed circumstances, inadequate to do complete justice by reason of the imperfection of the judicial methods adopted by the law courts, that the courts of equity have also the power to interfere, and to award, in pursuance of their own judicial methods, remedies which are of the same general kind as those granted by the courts of law to the same litigant parties under the same circumstances. This is the essential element of the concurrent jurisdiction. Its very existence thus depends upon the inadequacy of the legal remedies given to the litigant parties under the same circumstances upon which the equity tribunal bases its adjudication."

So, also, Mr. Thompson, in his work on Corporations (section 1483):

"It is clear upon authority that in those cases where it is sought to recover of directors damages which a person has sustained in consequence of his having been induced by their fraud to take shares in their company, the courts of equity exercise a jurisdiction concurrent with that of the courts of law. * * *" Section 1485: "In giving relief in these cases against the directors and officers, the courts of law and the courts of equity proceed, according to the highest authority, upon the same grounds. 'There can be no doubt,' says Lord Chelmsford, 'that equity exercises a concurrent jurisdiction in cases of this description, and the same principles applicable to them must prevail both at law and in equity.'"

The allegation of the complaint that the defendants organized and were directors, of the realty company, which has taken over the assets of the association, giving back a mortgage to run for three years, and that a delay for that period will result, coupled with the further allegation that the plaintiff has no adequate remedy at law, justifies a resort to equity. In equity the fraudulent intent of the defendants need not be proven, while at law such an intent must be established; and this is an additional reason why resort may be had to equity. See Cook, Corp. § 356. We are of opinion that the rule of Peek v. Gurney, supra, is the law of this state, and that the plaintiff has the right to equitable relief not attainable in an action at law.

In Parker v. John Pullman & Co., 36 App. Div. 208, 56 N. Y. Supp. 734, which came up on demurrer, we held, on what seemed to us to be abundant authority, that under our present system of pleading a plaintiff is entitled to such relief as the allegations of the complaint justify, irrespective of the prayer for judgment, whether such relief be legal or equitable, and that upon such allegations as make out any cause of action a complaint is not demurrable for a failure to demand the precise relief to which the plaintiff appears to be entitled. It is unquestionable that, if the plaintiff herein had prayed judgment only for the $199 paid by Mrs. Squiers for her stock, with interest as damages, there might have been no occasion

to resort to equity, but the plaintiff prays for indemnity. Indemnity consists not only in the repayment to her estate of the amount paid by her, but also the value of the stock as the defendants represented it to be, less such sum as may come to her estate from and through the final adjustment of the company's business. Hence the relief to which the plaintiff is entitled is broader than judgment for a definite sum and interest, and for this relief resort must be had to the equity side of the court.

In the recent case of Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095, the appellate division of the First department, Mr. Justice O'Brien writing, said (page 20, 70 App. Div., and page 1097, 74 N. Y. Supp.):

"We can find, however, no authority for the proposition that, where a suit is brought in equity for equitable relief, and the defendant demurs, it then becomes the duty of the court, where the facts would not warrant equitable redress, to hold that the demurrer is bad, because it might be concluded, upon some construction of the allegations of the complaint, that the plaintiff has stated certain facts which, disregarding all the others, might convert the suit into an action at law. It is true that a party is not to be turned out of court merely because he has failed to demand the precise remedy to which he is entitled, and that he may state in his complaint the facts upon which he relies in such a manner as to entitle him either to legal or equitable relief."

The case was decided by a divided court, Mr. Justice Laughlin dissenting in a careful opinion, in which he cited Parker v. John Pullman & Co., supra, as authority. The prevailing opinion cited Swart v. Boughton, 35 Hun, 287, and Cody v. Bank, 63 App. Div. 199, 71 N. Y. Supp. 277. The Swart Case held that, where all the allegations of the complaint are made for the purpose of procuring equitable relief, and that relief alone is asked for, the complaint cannot be sustained as a complaint for legal redress where no answer has been served. This was apparently on the ground that a judgment for plaintiff by default could grant no greater or other relief than that which was prayed for in the complaint; citing, among other cases, Edson v. Girvan, 29 Hun, 422, and Fisher v. Insurance Co., 67 How. Prac. 191. The opinion in the Cody Case was written by Mr. Justice Hatch, who, while a member of this court, concurred in our unanimous decision in Parker v. John Pullman & Co., supra. This gives rise to the question whether there is any difference in the principle to be applied to cases where only equitable, and not legal, relief is prayed for, and to cases where only legal, and not equitable, relief is prayed for. We can see no difference. The cases are correlative, and no reason is adduced why a different rule should be applied to the two classes of cases. The one proposition seems to be the corollary to the other, to be so obvious as to require no demonstration. There is no doubt that the prayer of the present complaint is sufficient and broad enough to permit the plaintiff, if he so elect, to take a judgment on default for the sum of money which the complaint alleges that his testatrix paid for the stock without other adjudication. Both legal and equitable relief are demanded. The case is therefore not within the reasons upon which the Black, Swart, and Cody Cases were

decided. In any view, we see no reason why we should not adhere to our decision in the case of Parker v. John Pullman & Co., supra.

Neither are the receivers necessary parties to this action, even if that question can be raised by the demurrer to the present complaint. The plaintiff is not asking relief against the company. He is not seeking to follow the assets into the hands of the receivers. He is suing the defendants for their deceit. To this relief the receivers are not necessary parties. If we should sustain the second ground of the demurrer, it might be regarded as an intimation that the release of the directors has effected a release of their obligation to the plaintiff.

The force of the claim that there has been an improper joinder of causes of action is not apparent. The cause of action is founded simply and wholly upon the deceit of the directors. There is no other cause of action alleged.

The. cause of action did not abate by the death of Mrs. Squiers. Bennett v. Wolfolk, 80 Hun, 390, 30 N. Y. Supp. 328; section 1910, Code Civ. Proc.

We are clearly of opinion that the plaintiff is entitled to equitable relief, that the receivers are not necessary parties to the action, that there has been no improper joinder of causes of action, and that the action survives.

The interlocutory judgment should be affirmed, with costs. All concur, on first ground only.