(89 App. Div. 595.)

CHINCHIN v. KATZMAN.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. SENDING CASE TO JURY CALENDAR.
    Though the issue is tendered as one in equity, and defendant's answer treats the action as one in equity by averring that plaintiff has an adequate remedy at law, yet, the case being one in which the defendant is entitled to a jury trial as matter of right, the court may, over plaintiff's insistence on the right to trial at Special Term, send the case to the jury calendar.
    Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Abraham Chinchin against Louis Katzman. From an order striking the cause from the Special Term calendar, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Roger Foster, for appellant.
Myron Sulzberger, for respondent.

PATTERSON, J. This cause was called for trial at a Special Term of the Supreme Court, and upon reading the pleadings, and after hearing counsel, the court made an order that the cause be stricken from the Special Term calendar and be transferred to the calendar of the Trial Term of this court, and from that order the plaintiff appeals.

The plaintiff claimed that the action was construed as one in equity for an accounting, and that the relief specifically demanded was for an accounting, and for judgment for such sum as might be found due to the plaintiff as the result of such accounting; that the defendant in his answer treats the action as one in equity, for it is set up affirmatively that the plaintiff has an adequate remedy at law, but the court regarded it as an action at law. The trial court, under its view of the nature of the action, had the discretion to direct that it be transferred to the calendar for the trial of issues by jury. Where an issue is tendered as one in equity, and the plaintiff insists upon the right of trial at Special Term, and objects to the cause being sent to a jury, but the case is one in which the defendant is entitled to a trial by jury as matter of right, it is competent to the court to send

the case to the jury calendar.   Everett v. De Fontaine, 78 App. Div.
219, 79 N. Y. Supp. 692; Hart v. Garrett Co. (App. Div., Nov. 20,
1903) 84 N. Y. Supp. 774.

The order should be affirmed, with $10 costs and disbursements.
All concur, except VAN BRUNT, P. J., who dissents.