### GILBERT et al. v. BUNNELL et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. EQUITY—COMPLAINT—SUFFICIENCY.

> Where the complaint alleged that plaintiff agreed to buy, and defendant agreed to sell, certain participating subscription rights in a corporation underwriting syndicate; that defendant had refused to perform the contract, and had received a part of the subscription and dividends to which plaintiff was entitled; that the value of the subscription rights was very

great; and prayed for a specific performance of the contract, and for a money judgment for the sums received by defendant on account of subscription rights, and such further relief as might be proper—it did not state a case for equitable relief.

**2. TRIAL—TRANSFER TO LAW CALENDAR.**

Where the court refused equitable relief on the ground that plaintiff failed to show that he was entitled thereto, and the averments of the complaint showed that he was entitled to a legal remedy, it was error to dismiss the complaint, but the case should have been placed on the jury calendar.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from Trial Term.

Action by Edward L. Gilbert and another against Irving Bunnell and another. From a judgment dismissing the complaint on the pleadings, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Robert E. L. Lewis, for appellants.

F. K. Pendleton, for respondents.

HATCH, J. The complaint in this action was evidently intended to be framed for equitable relief. Such are its general features, and yet it is clear that facts are averred under which the plaintiffs show themselves entitled to strictly legal relief, and the prayer of the complaint, in part, is for a money judgment. So far as is essential to a disposition of the question presented by this appeal, the complaint avers that the plaintiffs are copartners engaged in the business of buying and selling on commission and dealing in securities in the city of New York; that the defendants are copartners engaged in the same business in said city; about the 26th day of February, 1901, the defendants, in writing, agreed to sell, and plaintiffs agreed to purchase, certain participating subscription rights in the United States Steel Corporation Underwriting Syndicate, of the par value of $10,000, agreeing to pay therefor a specified sum, such right to be evidenced by a written assignment from the defendants to the plaintiffs; that the latter have been at all times ready and willing to fulfill the contract on their part, but the defendants have refused to execute the contract transferring such right. The complaint then avers the character of the United States Steel Corporation Underwriting Syndicate, the method by which it transacted its business, the value of the subscription rights, and the substantial value of the right which the defendants had agreed to transfer, and further charges that under such right defendants had received the sum of $1,250, returned to them as a part of their subscription, to which the plaintiffs are entitled, and also the further sum of $1,000, declared as dividends, and paid by the syndicate to the defendants in amounts of $500 each. The complaint further avers that said subscription rights are limited in number, and cannot be purchased in the open market; that the underwriting syndicate is still in existence, and that very large profits to it will be realized; that the value of such subscription is very great, the amount of which is conjectural and unknown to the plaintiffs; that there is no basis upon

which damages for the breach can be predicated; that what the profits are or will be are unknown to the plaintiffs, and that by reason thereof the plaintiffs have no adequate remedy at law in a recovery of damages for the breach; that the only remedy which will give to the plaintiffs the rights to which they are entitled is by a specific performance of the contract; that, upon the execution of the contract with the defendants, the plaintiffs agreed to sell and transfer such right to another party; and that, by reason of defendants' failure to fulfill their contract, plaintiffs are unable to fulfill their subsequent contract, in consequence of which they will be subjected to heavy damages. Prayer for relief demands a decree that the defendants be required to execute a written assignment of the subscription rights; that they be enjoined and restrained from selling or otherwise disposing of such subscription rights; that they have money judgment for the several sums of money which the defendants have received on account of such rights, and for such other and further relief as may be proper. The defendants served an answer to the complaint, and the cause thus became at issue, was placed upon the equity calendar of the court, and, coming on to be heard, the court granted a judgment of dismissal, based upon the ground that the plaintiffs had not shown themselves, by their complaint, to be entitled to equitable relief. When the action was commenced, the New York Security & Trust Company was made a party defendant, for the reason that it was constituted a depository of the funds received from the underwriting subscription rights. By stipulation the action was discontinued as to this defendant.

It is well settled that courts of equity have jurisdiction to entertain an action for and decree specific performance of a contract for the sale of a chattel or of a chose in action agreed to be transferred. Parties, however, may not demand, as matter of absolute right, specific performance of such a contract. Whether it will be granted in a given case rests in the sound discretion of the court. Such discretion will be favorably exercised when it is made to appear that compensation in damages is difficult or impossible of establishment, and the law will then be inadequate in remedy. Williams v. Montgomery, 148 N. Y. 519, 43 N. E. 57; Bateman v. Straus, 86 App. Div. 540, 83 N. Y. Supp. 785. Mere statements in the complaint that damages for the breach cannot be established, that difficulty attends upon making proof of damages sustained, and that the plaintiff will be unable to prove the sum, or does not know what such damages are, and can only have full and adequate relief by a decree of specific performance, does not make out a case entitling the party to equitable relief. The transaction, as averred, and the facts as they appear in connection with it, must be of such a character as to make it apparent to the court that the exercise of equitable jurisdiction is necessarily essential in order to afford to the party the relief to which he is entitled, and without it that he will be shorn of the benefits of his contract, or a substantial part thereof. Mere characterization of difficulty, however strong, does not present such a case. Taking the averments of this complaint as a whole, it fairly appears that the plaintiffs have an adequate remedy at law. It is not impossible—indeed, it cannot be said to be difficult—to establish the value of this contract to the plaintiffs. The amount of the sub-

scription is fixed, the profits which have been derived therefrom are known, and what future profits will be derived are susceptible of proof which will approximate, at least, to the actual value of the right which the plaintiffs secured by their contract. There is no more difficulty in establishing the money value of this contract by proof than there is in the horde of cases where the value of the contract depends upon the profits to be made from a given venture. Values of this character are dealt with to an enormous extent in this commercial center. They are the subject of bargain and sale. The transaction of purchase in the present case shows that the value was known to the extent of enabling parties to agree upon terms with respect to such value. Under such circumstances, it is easy to be seen that no more difficulty attends upon proving the value of this contract than in an ordinary case where profits are involved. The subject-matter of it has been the basis of commercial transactions in this city for a number of years, in which the transactions have run from modest proportions to a magnitude which excites the wonder of the commercial world. Such being the case, it is clear that the plaintiffs, by the averments of their complaint, have not shown themselves entitled to equitable relief.

Reaching this conclusion, however, does not dispose of the present question, as the law is settled beyond peradventure that if the facts stated in the complaint show that plaintiffs are entitled to any relief, either legal or equitable, their complaint is not to be dismissed because they have not demanded the precise relief to which their averments show them entitled. Wetmore v. Porter, 92 N. Y. 76. The complaint in this case states a contract; a breach of it; that thereby plaintiffs have sustained damage; and the prayer for relief, to a limited extent, is for money damages suffered on account of the breach, and for such other relief as may be just. We have no difficulty, therefore, in spelling out from this complaint facts which, taken as true, clearly establish the plaintiffs' right to recover money damages in an action at law; and, this being true, we are not able to see upon what ground the plaintiffs can be thrown out of court altogether. There has been some confusion in the cases regarding the question as to whether, when equitable relief is denied, the action should be retained as one at law, and the rights of the parties adjusted in that tribunal. It has been held by this court that, where a demurrer was interposed to a complaint framed in equity, such demurrer would be sustained, even though it might upon some theory be upheld as stating a cause of action at law. Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095. This rule was questioned in the Second Department in Squiers v. Thompson, 73 App. Div. 552, 76 N. Y. Supp. 734, and this case was affirmed on appeal without opinion. 172 N. Y. 652, 65 N. E. 1122. Therein, however, the complaint was held to be one proper for equitable cognizance. Consequently it was not essential to a determination therein to consider whether the rule announced in Black v. Vanderbilt was correct or not, as it was not necessarily involved therein. The discussion in Squiers v. Thompson also tends further to breed confusion by an intimation therein that the case of Cody v. First Nat. Bank, 63 App. Div. 199, 71 N. Y. Supp. 277, decided by this court, was in conflict with Parker v. Pullman, 36 App. Div. 208, 56 N. Y. Supp. 734. A cur-

sory examination of these cases shows that there was no conflict between them, although the learned presiding justice who wrote in Squiers v. Thompson may have thought there was. In Parker v. Pullman, supra, it was held that the complaint there under consideration stated an equitable cause of action, and it was upheld as such. In Cody v. First Nat. Bank, supra, the cause of action was purely legal, and there was no demand for equitable relief in any form. On the contrary, the demand was for specific relief in money damages, and the pleading was framed wholly with respect to such relief. The action was in conversion, and it was held that as, by the averments of the complaint, it appeared that the plaintiff was not the owner of the property, or entitled to its possession, at the time of the alleged conversion, the action could not be maintained, and the decision was placed expressly upon that ground. There was therefore scarcely a resemblance between these two cases. But whatever may be the rule where a demurrer is interposed to such a complaint, it has not been seriously questioned, so far as we are aware, that, where the parties have joined issue by the service of an answer and gone to trial, the complaint will be dismissed because the party does not show himself entitled to equitable relief, when the averments of his complaint show him entitled to legal relief. In Black v. Vanderbilt, supra, such rule was recognized in the prevailing opinion, for, in speaking upon such subject, Mr. Justice O'Brien said, "This latter proposition for which appellant contends has been applied in cases where an answer has been interposed, and thereafter the sufficiency of the complaint was questioned." Such rule was expressly announced in Ashley v. Lehmann, 54 App. Div. 45, 66 N. Y. Supp. 299, and is supported in Wheelock v. Lee, 74 N. Y. 495, and in Imperial Shale Brick Co. v. Jewett, 169 N. Y. 143, 62 N. E. 167. This court, in Chinchin v. Katzman (not yet officially reported) 85 N. Y. Supp. 626, has announced in specific terms the same rule of law. It follows from these views that the court fell into error in dismissing the complaint.

The judgment should therefore be reversed, and the action placed upon the calendar for the trial of issues by a jury for disposition; costs of this appeal to the appellant to abide the event.

McLAUGHLIN, J., concurs. LAUGHLIN, J., concurs in result. VAN BRUNT, P. J., and INGRAHAM, J., dissent.