(55 Misc. Rep. 393.)

### COZZENS v. AMERICAN GENERAL ENGINEERING CO. et al.

(Supreme Court, Special Term, New York County. July, 1907.)

**1. CONTRACTS—PARTIES LIABLE.**

Plaintiff sued to recover for services rendered an engineering company for a percentage of profit. *Held*, that he could not join as defendants other corporations which had agreed with defendant, but not with plaintiff, to contribute to plaintiff's compensation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1604.]

**2. SAME.**

Where plaintiff sued an engineering company to recover for services rendered, he cannot join as defendants other parties because of an alleged agreement with the company to share in the expense.

**3. PLEADING—COMPLAINT—DEMURRER.**

Where a complaint is framed as in an equitable action purely, with no suggestion of a demand for relief at law, and the facts pleaded do not justify equitable intervention, the complaint is demurrable.

Action by Henry E. Cozzens against the American General Engineering Company and others. Demurrer sustained, with leave to plaintiff to amend.

Frank S. Smith, for plaintiff.
Charles F. Murphy and Walter L. Post, for defendants.

BISCHOFF, J.    Critically examined, this complaint sets forth no more than the breach of a contractual duty upon the part of the defendant engineering company to pay the plaintiff something which may be due him as his agreed compensation, measured by a percentage of the net profits of its business.    The other corporations, who are joined as defendants for the purposes of the general accounting which is sought, have made no contract with the plaintiff; and his remedy, which a common-law action adequately affords (Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095), is against the party who agreed to pay him.

While it is alleged that these other corporations had agreed with the engineering company to bear an equal share of the payment of the plaintiff's compensation, they made no promise to him; and, if he could enforce the promise made to another, an action in equity for an accounting is not an appropriate nor an available remedy.    So, too, while it is averred that the operating expenses of all these corporations were by agreement in which the plaintiff joined, to be equally shared, any departure from this arrangement, which affected the net profits of the engineering company, and so touched the plaintiff's apparent measure of compensation, was something which was to be adjusted simply as between the plaintiff and the engineering company. The other companies had made no agreement which would enable the plaintiff to call them to account; and the engineering company was the party to answer to him upon the basis of a proper casting of expenses, as agreed, whatever may have been the actual apportionment adopted in its dealings with others.    Nothing alleged in the complaint requires the joinder of these other parties, the granting of judgment for an accounting, or the resort to equity to determine cross-demands, for there are none.

As to the demurring defendants, other than the engineering company, nothing is stated to connect them with any cause of action accruing to the plaintiff.    As to the engineering company, the complaint must be held insufficient, because it is framed as in an equitable action purely, with no suggestion of a demand for relief at law, and the right of action disclosed by the facts pleaded does not justify equitable intervention.    Black v. Vanderbilt, supra; Doyle v. Delaney, 112 App. Div. 856, 98 N. Y. Supp. 468.

Demurrers sustained, with costs, with leave to plaintiff to amend upon payment of costs within 20 days.