## SIMS v. FARSON et al.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. CONTRACTS (§ 332*)—ACTIONS FOR BREACH—SUFFICIENCY OF COMPLAINT.

A complaint alleging a written contract by which plaintiff was to purchase of defendants certain bonds at a fixed price and accrued interest, and that defendants thereby agreed to repurchase such bonds at the selling price if they did not meet requirements, that they were delivered and paid for, that payment of coupons was demanded and refused, that plaintiff was informed that they would not be paid, owing to a failure to collect a sufficient tax, and that he tendered the bonds to defendants and demanded that they repurchase, which defendants refused, stated a good cause of action for damages for breach of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1615–1639; Dec. Dig. § 332.*]

2. PLEADING (§ 193*)—DEMURRER—GROUNDS—PRAYER FOR RELIEF.

Code Civ. Proc. § 481, requires the complaint to contain a statement of the facts constituting each cause of action, and a demand of the judgment to which plaintiff supposes himself entitled. A complaint alleged a good cause of action for damages for breach of a broker's contract to repurchase bonds, but, instead of demanding damages for the breach, demanded judgment that defendant be directed to repurchase bonds at the selling price, with accrued interest, and such other relief as the court should deem just. Held, on demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, that, as plaintiff had stated a cause of action for damages for breach of the contract, the mere fact that he asked for a judgment which the facts pleaded did not warrant did not defeat his right to be heard.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.*]

Appeal from Special Term, St. Lawrence County.

Action by George E. Sims against William Farson and others, doing business under the firm name of Farson, Son & Co. From an

---

interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Hawkins, Delafield & Longfellow, of New York City (Philip K. Walcott, of counsel), for appellants.

William E. Sims, of New York City (Lawrence Russell, of Canton, of counsel), for respondent.

WOODWARD, J.   The complaint alleges that the defendants were copartners conducting a banking and brokerage business; that on the 13th day of December, 1909, a contract in writing was entered into between the plaintiff and defendants by the terms of which the plaintiff agreed to purchase and the defendants to sell, four county of Logan, state of Colorado, North Sterling irrigation district municipal water 6 per cent. bonds at the price of $500, the par value thereof, and accrued interest, each; that by the provisions of this contract the defendants agreed to repurchase said bonds from plaintiff at the selling price, if the said bonds should fail to fulfill the requirements thereof; that the said bonds were thereafter delivered, the plaintiff paying the agreed price therefor; that the bonds were coupon bonds, which by the terms of the bonds were payable at fixed dates; that one of these coupons on each of the bonds became due and payable on the 1st day of June, 1912; that the plaintiff caused these coupons to be presented at one of the places designated in the bonds, demanding payment, and that such payment was refused, and that no payment of such coupons has been made; that the plaintiff on the 3d day of June, 1912, was informed by defendants that the coupons would not be paid, owing to a failure to collect a sufficient tax, and that by reason of such failure the bonds have failed to fulfill the requirements of such bonds; that plaintiff on the 18th day of June, 1912, duly tendered the bonds to the defendants, and demanded that they repurchase the same at the purchase price thereof, namely, $500 and accrued interest each, but that defendants refused so to do, and ever since have failed to repurchase said bonds; that the plaintiff was then, and is now, prepared to deliver said bonds upon the payment of the purchase price with accrued interest; that he has duly performed all of the conditions and acts required by said contract to be performed, and, upon information and belief, that said bonds have no market, and are unsalable and of no value. The plaintiff then demands judgment—

"directing and requiring the defendants herein to repurchase the said bonds at the purchase price thereof, to wit, $500 and accrued interest each, and that plaintiff have such other and further relief in the premises as to this court seems just, together with the costs of this action."

The defendants demur to this complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer has been overruled and the defendants appeal to this court.

[1] There does not seem to be any reasonable doubt that the complaint does make a "plain and concise statement of the facts constitut-

ing" his cause of action. The defendants, aside from some captious criticism of the language used, which has no merit, practically concede that the complaint states sufficient facts to warrant the recovery of damages for a breach of the contract to repurchase the bonds; but it is urged that the character of the relief demanded is equitable, and that the pleading fails to show grounds for the specific performance of a contract which may be satisfied with a money judgment, relying upon the case of Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095. In the very case relied upon, which has been questioned as authority, the court observes that it—

"is true that a party is not to be turned out of court merely because he has failed to demand the precise remedy to which he is entitled, and that he may state in this complaint the facts upon which he relies in such a manner as to entitle him either to legal or equitable relief. But here no legal redress is demanded, and it conclusively appears that the complaint was framed for equitable relief alone."

In the case now before us there are all of the facts necessary, to constitute a good cause of action for a breach of contract. The contract alleged was an agreement in writing on the part of the plaintiff to purchase these bonds at the par value thereof with accrued interest, and a promise on the part of the vendors to repurchase at the face value, with accrued interest, if the bonds failed to meet the requirements of such bonds; that is, if they failed to realize to the plaintiff the income or the value which he had a right to believe he was purchasing from the terms of the bonds themselves. The complaint alleges a failure of the bonds to realize to the plaintiff the interest promised upon their face, and a demand for the repurchase of the bonds, and a failure on the part of the defendants to perform. Clearly all that is lacking of a good complaint is the failure on the part of the plaintiff to demand damages, instead of a specific performance of the contract. The demand is for the repurchase of the said bonds "at the purchase price thereof, to wit, $500 and accrued interest each," and this is a sum which could be computed easily, and is, practically, a demand for $2,000, with accrued interest upon this amount from the default in payment of the interest, and, if the allegation of the complaint on information and belief that the bonds are "unsalable and of no value" is true, the damages to the plaintiff would be the same amount as that which he asks.

[2] It is doubtful if the plaintiff has stated a good cause of action equitably, for he does not allege that there is not an adequate remedy at law; but he does state facts sufficient to constitute a good action at law, and the mere fact that he has asked for equitable relief does not defeat his right to be heard even where no answer has been interposed. The ground of the demurrer is not that the plaintiff has failed to state an equitable cause of action, but that he has failed to "state facts sufficient to constitute a cause of action." There is no requirement of law that the demand for judgment shall be consistent with the facts stated; the plaintiff is to make "a plain and concise statement of the facts constituting each cause of action, without unneces-

sary repetition," and a "demand of the judgment to which the plaintiff supposes himself entitled." Section 481, Code of Civil Procedure.

The plaintiff in this case appears to have supposed that he was entitled to a specific performance of the contract upon the facts alleged; but this mistake has nothing to do with the facts which he has well stated, and which, as we have seen, are sufficient to constitute a cause of action. The rule in Black v. Vanderbilt, supra, was questioned in Squiers v. Thompson, 73 App. Div. 552, 76 N. Y. Supp. 734, and that case was affirmed without opinion (172 N. Y. 652, 65 N. E. 1122); and, although it does not appear to have been necessary to the determination of the question (Gilbert v. Bunnell, 92 App. Div. 284, 289, 86 N. Y. Supp. 1123), we are of the opinion that the rule there laid down is not to be extended beyond the peculiar facts of that case, and, as we have already seen the rule was not intended to reach to a case where the whole error consisted merely in asking for a judgment which the facts pleaded did not warrant. The demurrer goes to the question of the facts pleaded and their sufficiency to "constitute a cause of action." Section 488, Code of Civil Procedure. If any cause of action is well stated in its facts, a mere error in the supposition of the pleader as to the relief to which he is entitled is not a justification for throwing out the pleading.

The interlocutory judgment and order appealed from should be affirmed, with costs, with the usual leave to withdraw the demurrer and answer, upon payment of the costs of appeal and of the trial court. All concur.